UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Mohamed Altareb,

                      *Plaintiff*,

        - *against* -

2463 E. Tremont Deli Corp., and Saleh Almuntaser (a/k/a Saleh Almuntatasr),

                      *Defendants*.
------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Mohamed Altareb ("Plaintiff" or "Altareb") by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself, brings this complaint against Defendants 2463 E. Tremont Deli Corp., (the Corporate Defendant"), and Saleh Almuntaser (a/k/a Saleh Almuntatasr) (the "Individual Defendant", and together with the Corporate Defendant, the "Defendants") and states as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this lawsuit seeking recovery against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, spread-of-hours, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF MOHAMED ALTAREB**

6. Plaintiff is a resident of Bronx, New York.

7. Plaintiff was employed as a general worker, cashier and deli man at Defendants' deli known located at 2463 E. Tremont Avenue, Bronx, NY 10461 from July 2020 to, through and including, November 2020.

8. Plaintiff was employed as a non-managerial employee for Defendants from July 2020 to, through and including, November 2020.

9. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT 2463 E. TREMONT DELI CORP.**

10. Upon information and belief, Defendant 2463 E. Tremont Deli Corp. is a domestic corporation organized and existing under the laws of New York.

11. Upon information and belief, Defendant 2463 E. Tremont Deli Corp. is licensed to

do business in the State of New York, and at all relevant times here to, maintained a principal place of business at 2463 E. Tremont Avenue, Bronx, NY 10461.

12. At all times relevant to this Complaint, Defendant 2463 E. Tremont Deli Corp. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13. At all times relevant to this Complaint, Defendant 2463 E. Tremont Deli Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14. At all times relevant to this Complaint, Defendant 2463 E. Tremont Deli Corp. was and is an employer within the meaning of the 29 U.S.C. 201 et seq. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT SALEH ALMUNTASER (A/K/A SALEH ALMUNTATASR)**

15. Defendant Saleh Almuntaser (a/k/a Saleh Almuntatasr) is an individual engaging (or who have engaged) in business within this judicial district during the relevant time period.

16. Defendant Saleh Almuntaser (a/k/a Saleh Almuntatasr) is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

17. Defendant Saleh Almuntaser (a/k/a Saleh Almuntatasr) possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

18. Defendant Saleh Almuntaser (a/k/a Saleh Almuntatasr) determined the wages and compensation of employees, including Plaintiff, established the schedules of employees,

3

maintained employee records, and had the authority to hire and fire employees.

19. At all times relevant to this Complaint, Defendant Saleh Almuntaser (a/k/a Saleh Almuntatasr) has been and is an employer within the meaning of the 29 U.S.C. 201 et seq. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

20. Defendants own, operate and/or control a deli known as "2463 E. Tremont Deli", located at 2463 E. Tremont Avenue, Bronx, NY 10461.

21. The Individual Defendant possesses operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

24. Defendants jointly employed Plaintiff and are employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff.

26. Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from himself, by, among other things:

    a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendant a separate and legally distinct entity;

b. defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c. transferring assets and debts freely as between all Defendants;

d. operating the Corporate Defendant for their own benefit as the majority shareholder;

e. operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f. intermingling assets and debts of their own with the Corporate Defendant;

g. diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

h. other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

28. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

29. Plaintiff was an employee of Defendants.

30. Plaintiff was employed as a general worker, cashier and deli man at 2463 E. Tremont Deli from July 2020 to, through and including, November 2020.

31. Plaintiff's work duties required neither discretion nor independent judgment.

32. From July 2020 to, through and including, November 2020, Altareb regularly

worked seven (7) days per week, from approximately 11:00 a.m. to 11:00 p.m., for a total of approximately 12 hours each day, and for a total period of approximately 84 hours during each of the weeks, respectively.

33. From July 2020 to, through and including, August 2020, Altareb was paid a flat weekly salary of $600 per week for all hours worked.

34. From September 2020 to, through and including, November 2020, Altareb was paid a flat weekly salary of $800 per week for all hours worked.

35. On the weeks where Plaintiff worked in excess of forty (40) hours a week, he was only paid his straight time rate of pay.

36. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

37. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

38. At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

39. Defendants never granted Plaintiff with meal breaks or rest periods of any length.

40. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

41. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

42. Defendants did not provide Plaintiff a statement of wages, as required by NYLL

195(3).

43. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

44. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

45. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

46. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

47. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

48. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

49. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

50. At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

51. Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the

regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

52. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

53. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

54. Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

55. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

56. Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

57. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

58. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

59. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

60. Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

61. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

62. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

63. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

64. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

65. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

66. Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

67. By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully

violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

68. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

69. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

70. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

71. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

72. Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

73. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

74. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

75. As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

b. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

c. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

d. declaring that Defendant violated the timely pay provisions of the NYLL;

e. awarding Plaintiff unpaid overtime wages;

f. awarding Plaintiff unpaid spread-of-hours pay;

g. awarding unpaid wages under New York State law for failure to pay timely wages;

h. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

i. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish

   accurate wage notice pursuant to the NYLL;

j. awarding Plaintiff pre- and post-judgment interest under the NYLL;

k. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

l. Such other relief as this Court deems just and proper.

Dated: New York, New York
   May 24, 2022         Respectfully submitted,


                 By: /s/ Joshua Levin-Epstein
                    Joshua Levin-Epstein
                    Jason Mizrahi
                    Levin-Epstein & Associates, P.C.
                    60 East 42nd Street, Suite 4700
                    New York, New York 10165
                    Tel: (212) 792-0046
                    Email: Joshua@levinepstein.com
                    *Attorneys for the Plaintiff*